The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF CHEHALIS,<br><br>                    Defendant. | No. 2:06-cv-00167-RSM<br><br>**CONSENT DECREE** |

    WHEREAS, plaintiff Waste Action Project, a non-profit corporation ("plaintiff"), filed a Clean Water Act ("CWA") citizen suit action on February 1, 2006, against defendant City of Chehalis ("defendant") alleging violations of the CWA and alleged violations of defendant's National Pollutant Discharge Elimination System Permit No. WA-0021105 ("NPDES permit"); and

    WHEREAS, defendant denies any fault, wrongdoing, or liability for all claims alleged by the plaintiff in this action; and

    WHEREAS, plaintiff and defendant (hereafter "the parties") agree that settlement of this matter is in the public interest and in the best interests of the parties, and that entry of this Consent Decree ("Decree") without additional litigation or appeal is the most appropriate means of resolving this action; and

WHEREAS, the parties and their respective attorneys have consented to entry of this Decree, without trial, adjudication, or admission of any issue of fact or law herein and without admission of any fact, allegations, or legal argument contained in plaintiff's 60-day notice or complaint in this action.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A).

2. The provisions of this Decree shall apply to and be binding upon the parties to this Decree and their officers, directors, and members.

3. On January 14, 2008, defendant's new sewage treatment plant shall be operational. Defendant shall be in full compliance with the NPDES permit's numeric effluent limits by April 14, 2008, and shall be in full compliance with other conditions in its NPDES permit upon the date of entry of this Decree. Defendant will provide Waste Action Project with written notification of the new plant's start-up date within fifteen (15) days from the date the new plant begins treating and discharging effluent. On a monthly basis, for a period of one year from the date of plant start-up, defendant will forward to Waste Action Project copies of its monthly Discharge Monitoring Reports. Written communications to Waste Action Project required by this paragraph will be mailed to Greg Wingard, Waste Action Project, P.O. Box 4832, Seattle, WA 98194-0832.

4. Within thirty (30) days from entry of this Decree, defendant shall pay $32,500 to the Chehalis Basin Partnership for the project described in Exhibit "A" to this Decree, which exhibit is attached hereto and incorporated herein by reference.

5. Within thirty (30) days from entry of this Decree, defendant shall pay plaintiff's attorney the sum of $15,000 for plaintiff's attorneys' fees and litigation expenses incurred in this matter. The check for said fees and litigation expenses shall be made payable and sent to Smith & Lowney, PLLC, 2317 East John Street, Seattle, WA 98112, Attn: Richard Smith and Jennifer Joseph.

6. This Decree is intended to be and shall constitute the exclusive remedy and a complete and final settlement of any and all past and future claims related to the NPDES permit that have or might have been alleged against defendant by plaintiff, its members, officers, and directors under the federal Clean Water Act and RCW 90.48 up to and through the date of entry of the Decree for non-numeric limitation violations of the NPDES permit and up to and through April 14, 2008 for numeric effluent limitation violations of the NPDES permit, which claims are released and dismissed with prejudice. Enforcement of this Decree shall be the exclusive remedy of the plaintiff, its officers, directors, and members for any violation of its terms.

7. This Decree is determined to be in the public interest and an appropriate resolution of the allegations in plaintiff's complaint.

8. This Decree is a settlement of disputed facts and law, and shall not constitute an admission or adjudication with respect to any allegation in the 60-day notice or the complaint, or an admission or evidence of any wrongdoing or misconduct or liability on the part of defendant.

9. The Court shall retain jurisdiction to enforce the terms of this Decree and to resolve any disputes arising hereunder until the Decree has been terminated.

10. This Decree shall take effect on the date that it is entered by the Court and shall terminate ninety (90) days after satisfaction of the last obligation of defendant that is contained in this Decree.

11. This Decree may be modified only upon the written consent of the parties and approval of the Court.

CONSENT DECREE - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50685084.2

12. Defendant shall comply with all requirements of this Decree within the time periods specified herein. If any event occurs that is outside of the reasonable control of defendant (a "force majeure event" as further defined below), which causes a delay in performing tasks required by this Decree, the delay shall not constitute a failure to comply with the terms of this Decree, provided that defendant has submitted written notification to plaintiff no later than fifteen (15) days after the date that defendant first concludes that such event has caused or will cause non-compliance, describing the length or anticipated length of non-compliance, the precise circumstances causing non-compliance, the measures taken or to be taken to prevent or minimize non-compliance, and a schedule for implementation of the measures to be taken.

A force majeure event shall include, but not be limited to the following, to the extent they are outside the reasonable control of the defendant and cannot be overcome by diligence:

    A.    Acts of God, war, insurrection, or civil disturbance;

    B.    Earthquakes, landslides, floods;

    C.    Actions or inactions of third parties over which defendant has no control;

    D.    Adverse weather conditions or unusual delay in transportation;

    E.    Restraint by court order or order of public authority;

    F.    Strikes; and

    G.    Any other litigation or arbitration or mediation that causes delay.

Provided that defendant complies with the notice provision of this paragraph, then in the event that defendant fails to comply or anticipates failing to comply with the requirements of this Decree because of a force majeure event, defendant's failure to comply, as described in the written notice to plaintiff under this paragraph, shall not be a violation of this Decree and shall not result in any liability or other sanctions. In such event, the milestone date(s) shall be extended for a reasonable period of time following the force majeure event.

CONSENT DECREE - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50685084.2

13. The parties agree that this Decree is subject to the notice requirements of 33 U.S.C. § 1365(c)(3) and 40 C.F.R. § 135.5 and shall not be entered until at least forty-five (45) days after the date of lodging with the Court.

14. In the event of a dispute regarding implementation of or compliance with the Decree, the parties shall first attempt or informally resolve the dispute through meetings between the parties by serving a written notice of request for dispute resolution. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

15. The undersigned representative of each party to this Decree certifies that he is fully authorized by the party he represents to enter into the terms and conditions of this Decree and to legally execute and bind such party to this Decree.

16. The rule of construing ambiguities against the drafting party shall not apply to this Decree.

17. Each party acknowledges that they have relied on the legal advice of their attorney, who is the attorney of their own choice and that the terms of this Decree have been completely read and explained to them by their attorney, and that the terms are fully understood and voluntarily accepted. Plaintiff has been represented by Richard A. Smith and Jennifer P. Joseph, Smith & Lowney PLLC. Defendant has been represented by Mark C. Scheibmeir, Assistant City Attorney, City of Chehalis and Lori A. Terry, Foster Pepper, PLLC.

/////

18. If, for any reason, the Court should decline to approve this Decree in the form presented, this Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue to negotiate in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

WE HEREBY CONSENT TO ENTRY OF THIS DECREE.

DATED: _____

                WASTE ACTION PROJECT

                By_____
                   Greg Wingard
                   Executive Director

DATED: _____

                CITY OF CHEHALIS

                By_____
                   Mark C. Scheibmeir
                   Assistant City Attorney

**ORDER**

IT IS SO ORDERED.

DATED: September 18, 2006.
_____

                         _____
                         RICARDO S. MARTINEZ
                         UNITED STATES DISTRICT JUDGE

**Exhibit "A"**

**Chehalis Basin Partnership Comprehensive Water Quality Monitoring Program**

The Chehalis Basin Partnership is a non-governmental organization formed to work on the shared interests of multiple governments and organizations in the Chehalis watershed. The Chehalis Basin Partnership serves as the Planning Unit under the Watershed Planning Act and the Citizens' Advisory Council under the Salmon Recovery Act.

The Mission of the Chehalis Basin Partnership is to coordinate local, tribal, state, federal and private efforts to reduce the effects of flooding, enhance fish resources, improve recreational opportunities, protect and restore water quality, protect surface water flow and ground water resources, protect recognized beneficial human uses of surface and ground water while at all times recognizing the relationship of these issues to the economic health and sustainability of the basin.

Additional information regarding the Chehalis Basin Partnership can be accessed at: http://www.co.grays-harbor.wa.us/info/pub_svcs/ChehalisBasin/Docs/CBPOpManual.pdf.

The Chehalis Basin Partnership intends to develop a Comprehensive Water Quality Monitoring Program. Responsibilities related to the Chehalis Basin Water Quality Monitoring Program include:

1) Work with the Water Quality Committee to develop priorities and an annual work-plan for monitoring activity in the Chehalis Basin.
2) Work with the Water Quality Committee to identify and coordinate ongoing water quality monitoring activities among entities in the Chehalis Basin.
3) Assist in the design and implementation of new water quality monitoring and mitigation programs in the Chehalis Basin.
4) Assist in the interpretation and communication of water quality monitoring data among stakeholders groups.
5) Work with the GIS coordinator to organize and archive water quality data.

The City's payment of $32,500 will be combined with funds from other sources to support implementation of the project, which is expected to cost annually approximately $100,000. The Comprehensive Monitoring Program is expected to begin work by fall 2006. The Chehalis Basin Partnership will report to the Court, the Department of Justice, Waste Action Project, Smith & Lowney, PLLC, and the City when the funds have been expended. The reporting addresses are as follows:

The Honorable Ricardo Martinez
U.S. District Court Judge
Western District of Washington at Seattle
700 Stewart Street
Seattle, WA 98101

Stacy Stoller
Law & Policy Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 4390
Ben Franklin Station
Washington, D.C. 20044-4390

CONSENT DECREE - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50685084.2

1
2  Greg Wingard
   Waste Action Project
   P.O. Box 4832
3  Seattle, WA 98194-0832

4  Richard A. Smith
   Smith & Lowney
5  2317 E. John Street
   Seattle, WA 98112
6
   Mark Scheibmeir, Assistant City Attorney
7  Hillier & Scheibmeir, P.S.
   299 N.W. Center Street
8  P.O. Box 939
   Chehalis, WA  98532
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CONSENT DECREE - 8